BERZON, Circuit Judge,
concurring.
I concur. I write separately to underline my understanding that, in Part II.C of the lead opinion, we are not impugning EPA’s use of the CALPUFF model generally. Instead, we are requiring a sufficiently reasoned response to a particular comment regarding CALPUFF’s usefulness in these specific circumstances. Had EPA given any reasonable explanation as to why CALPUFF was not just “sufficiently reliable to inform the decision making process” generally, 77 Fed.Reg. 57,864, 57,868 (Sept. 18, 2012), but also specifically suitable for predicting visibility improvement in the pertinent factual context at increments as small as 0.085 deciviews, then we could require no more.
The arbitrary-and-capricious standard of review authorizes remand where, inter alia, the agency has “entirely failed to consider an important aspect of the problem,” by “g[iving] no consideration whatever” to it. Motor Vehicle Mfrs. Ass’n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 46, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) (emphasis added). The “standard of review ... [requires] only reasonableness, not perfection.” Kennecott Greens Creek Mining *1150 Co. v. Mine Safety & Health Admin., 476 F.3d 946, 954 (D.C.Cir.2007); see also J & G Sales Ltd. v. Truscott, 473 F.3d 1043, 1051-52 (9th Cir.2007). “[W]here the agency ‘considered the relevant factors and articulated a rational connection between the facts found and the choice made,’ ” we must defer to the “reasonable basis” of that decision. Arrington v. Daniels, 516 F.3d 1106, 1112 (9th Cir.2008) (quoting Ranchers Cattlemen Action Legal Fund v. U.S. Dep’t of Agric., 415 F.3d 1078, 1099 (9th Cir.2005)). As the Supreme Court has frequently reiterated, courts “should ‘uphold a decision of less than ideal clarity if the agency’s path may reasonably be discerned.’ ” FCC v. Fox Television Stations, Inc., 556 U.S. 502, 513-14, 129 S.Ct. 1800, 173 L.Ed.2d 738 (2009) (quoting Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 286, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974)).
Here, as the majority opinion concludes, in light of the comments received, EPA did not give any adequate, reasoned explanation as to why CALPUFF supported installation of SNCR at Colstrip Units 1 and 2. PPL Montana argued in its comment that the predicted improvement of 0.085 deciviews from SNCR was “within the error range of the model,” and therefore such improvement could not “reasonably be anticipated” to result from SNCR. 42 U.S.C. § 7491(g)(2). EPA’s generic response, that “the CALPUFF model can both underprediet and overpredict visibility impacts,” but that it viewed the model as nonetheless “sufficiently reliable to inform the decisionmaking process,” does not meaningfully respond to PPL’s argument. 77 Fed.Reg. at 57,868.
Several kinds of responsive answers to PPL Montana’s comment about CAL-PUFF’s margin of error, if supportable, could have sufficed to enable “the agency’s path ... reasonably [to] be discerned.” Fox Television Stations, 556 U.S. at 513-14, 129 S.Ct. 1800 (quoting Bowman Transp., 419 U.S. at 286, 95 S.Ct. 438) (internal quotation marks omitted). For example, perhaps there is a basis to dispute the assertion that a visibility improvement of 0.085 deciviews fell within the model’s margin of error. Or perhaps it is significant that the fact that a predicted improvement falls within a model’s margin of error does not prove the predicted improvement will not occur, just that it is less likely to occur. Or perhaps there is another reason why EPA thought a 0.085 deeiview improvement' could “reasonably be anticipated” to result from SNCR even if such increment fell within the model’s margin of error. 42 U.S.C. § 7491(g)(2).
My examples are not meant to put words in EPA’s mouth (if an agency can be said to have a mouth). But EPA said nothing of either sort, or anything else responsive to the PPL CALPUFF comment. Instead, it just professed general confidence in the CALPUFF model— which may well be warranted — but was not responsive to the particular concerns expressed. Courts are just not in a position to provide data-based or statistically based explanations, which is one reason why this Court “may not supply a reasoned basis for the agency’s action that the [expert] agency itself has not given.” Motor Vehicle Mfrs. Ass’n, 463 U.S. at 43, 103 S.Ct. 2856 (quoting SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)) (internal quotation mark omitted).
In short, even under the deferential arbitrary-and-eapricious standard of review, it is impossible to say whether EPA has “‘considered the relevant factors and articulated a rational connection between the facts found and the choice made’ ” with regard to CALPUFF’s ability to predict improvements as small as 0.085 deeiview at Colstrip Units 1 and 2. Arrington, 516 *1151 F.3d at 1112 (quoting Ranchers Cattlemen Action Legal Fund, 415 F.3d at 1093). Perhaps it did. But it has not, even minimally, provided any indication that it did in the comments and analysis accompanying the Rule. For that reason alone, and not because I have any reason to question whether the CALPUFF model is generally fully adequate to the purposes for which EPA uses it, I concur.